Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500   Fax. (775) 703-5027

Christian Gabroy (#8805)
Kaine Messer (#14240)
**GABROY LAW OFFICES**
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

Lance J. Hendron, Esq.
**HENDRON LAW GROUP, LLC**
625 S. Eighth Street
Las Vegas, Nevada 89101
Office: (702) 758-5858
Fax: (702) 387-0034
Email: lance@hlg.vegas

*Attorneys for Plaintiff*

**KAEMPFER CROWELL**
Robert McCoy, No. 9121
Ryan M. Lower, No. 9108
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, NV 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: rlower@kcrnvlaw.com
Email: sgraves@kcrnlaw.com

**STINSON LLP**
George Verschelden (admitted *pro hac vice*)
1201 Walnut, Street, Suite 2900
Kansas City, Missouri 64106
Telephone: (816) 691-3382
Facsimile: (816) 412-9344
Email: George.verschelden@stinson.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER WATKINS on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAPID FINANCIAL SOLUTIONS, INC. d/b/a ACCESS FREEDOM CARDS; AXIOM BANK N.A.; and DOES 1-50,<br><br>Defendants. | Case No.: 3:20-cv-00509-MMD-WGC<br><br>**JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**AND ORDER THEREON**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff CHRISTOPHER WATKINS ("Plaintiff"), by and through his counsel of record THIERMAN BUCK, LLP, and Defendants RAPID FINANCIAL SOLUTIONS, INC. d/b/a ACCESS FREEDOM CARDS and AXIOM BANK N.A.,[1] by and through their counsel of record, KAEMPFER CROWELL and STINSON LLP, met and conferred pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule ("LR") 26-1 on September 9, 2021. Because this case is filed as a class action, the Parties request additional time for discovery purposes and a special scheduling review is requested pursuant to LR 26-1(a).

The Parties hereby submit the following Joint Stipulated Discovery Plan and Scheduling Order ("DPSO").

## INTRODUCTION AND PROCEDURAL POSTURE

This case was originally filed in the First Judicial District Court of the State of Nevada In and For Carson City, on July 31, 2020, bearing Case Number 20 TRT 00089 1B. Plaintiff's complaint is based on Plaintiff's allegation that upon release from a state and/or federal prison, inmates who have a balance in their inmate trust account (whether from earned wages in prison labor camps, deposited money, or money confiscated upon incarceration) are forced to take Defendants' electronic release pay card which may charges Plaintiff a fee to access the funds on the card. Plaintiff alleges five (5) causes of action for violations of (1) Electronic Funds Transfers Act, 15 U.S.C. § 1693; (2) Nevada Deceptive Trade Practices Acct, NRS § 598.092 (8 and 14) and NRS 508,0923(3); (3) Conversion; (4) Unjust Enrichment; and (5) Unconstitutional Taking. Defendants removed to this Court on September 8, 2020. (ECF No. 1-2.) Other than service of the complaint and summons on all three Defendants on August 18, 2020, there were no other proceedings while the case was pending in the First Judicial District Court.

After removal, Plaintiff and Defendants each filed certificates of interested parties on September 8, 2020 (ECF No. 3 and 2, respectively.) The Court granted the Parties stipulation to extend the time for Defendants to respond to the Complaint on September 17, 2020. (ECF No. 8.) Defendants filed a Statement Concerning Removal pursuant to the Court's September 9, 2020

---

[1] By stipulation of the Parties the Court granted dismissal of Defendant Cache Valley Bank without prejudice. (ECF No. 15.)

Minute Order (ECF No. 5) on September 17, 2021. (ECF No. 9.) On September 29, 2020 Defendants filed a motion to compel arbitration which was fully briefed as of October 30, 2020. (ECF Nos. 13, 20, 21.) On February 10, 2021 the Parties requested a stay of discovery pending the Court's decision on Defendants' motion to compel arbitration, which was granted by the Court. (ECF No. 23.) The Court's Order required the Parties to file a discovery plan and scheduling order within 14 days of the Court decision on the motion to compel. (*Id.*)

On August 30, 2021 the Court entered its Order denying Defendants Motion in its entirety. (ECF No. 24).

Accordingly, and pursuant to ECF No. 23, the Parties submit this Joint Stipulated Discovery Plan and Scheduling Order for the Court's review.

## PROPOSED DISCOVERY SCHEDULE

### I.    Rule 26(f) Conference

Pursuant to FRCP 26(f) and Local Rule 26-1(d), a telephonic meet and confer was held on September 8, 2021 and was attended by Mark R. Thierman, Joshua D. Buck, and Leah L. Jones on behalf of Plaintiff, and Robert McCoy, Ryan Lower, Sihomara Graves, and George Verschelden on behalf of Defendants. .

**A.    Subjects upon which Discovery may be needed.** The Parties agree that discovery may be needed on all matters set forth in the operative Complaint and any defenses raised by Defendants thereto. The foregoing statement of subjects of discovery in no way constitutes a waiver of any Party's right to assert good faith objections to discovery requests or deposition inquiries as appropriate. The Parties agree to take all reasonable steps to prevent protracted discovery disputes regarding discovery. The Parties affirm their requirement to meet and confer pursuant to LR 26-6 prior to involving the Court in any discovery disputes.

**B.    Limitations on Discovery.** Because this case is filed as a nation-wide class action, the Parties request additional time for discovery purposes and thus a special scheduling review is requested pursuant to LR 26-1(a). The Parties do not request any other changes to the limitations imposed by the discovery rules under the FRCP, except as otherwise provided herein

or ordered by the Court.  The Parties further reserve the right to seek changes to the discovery rules if the need arises.

    **C.**    **Discovery Disputes.** The Parties agree that before moving for an order relating to discovery, the Parties must comply with the Federal Rules of Civil Procedure and applicable Local Rules of the District.

    **D.**    **Electronically Stored Information.**  The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action.  All Parties will make efforts to preserve ESI in their possession, custody or control where the ESI may include information relevant to the litigation.  The Parties' preservation of ESI will also be consistent with the obligation under the FRCP.

The Parties anticipate that this action may involve significant amounts of electronically stored information ("ESI"), namely data from release card transactions.  In the event ESI is to be produced, the ESI may be produced in a form or forms in which is ordinarily maintained or in a reasonably usable form or forms.  The Parties may confer prior to production to discuss formatting of ESI.  If the receiving party has an objection to the formatting of ESI received, that party must confer with the producing party prior to filing any motion or otherwise contacting the Court.

    **E.**    **Privileged Materials.** The Parties do not anticipate any issues regarding claims of privilege or of protection of trial-preparation materials at this time.  The production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, will not be a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, proportionality, and/or segregation of privileged and/or protected information before production.   The Parties agree that a Party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive

the claim of privilege associated with such document may promptly, meaning within thirty (30) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other Party that such document was inadvertently produced and should have been withheld. Once the producing Party provides such notice to the requesting Party, the requesting Party must promptly, meaning within five (5) business days, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting Party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**F.     Initial Disclosures.**  Initial disclosures pursuant to FRCP 26(a)(1)(A) will be exchanged on or before October 1, 2021.

**G.     Discovery Cut-Off Date.**  In compliance with LR 26-2 the Parties request additional time to complete discovery given the potential for motion practice, the nature of issues involved in the case, and because Plaintiff has asserted this case as a nation-wide class action. The Parties propose a 301 day discovery period based on the September 13, 2021 due date for the proposed discovery plan to complete all discovery related to the scope of any class and/or subclasses, merits, and liability: **Monday, July 11, 2022**.

**H.     Amending the Pleadings:**  The last day to file motions to amend pleadings shall be no later than ninety (90) days prior to the discovery cut-off date, or **Tuesday, April 12, 2022**. This deadline will not limit or enhance the rights of individuals to join this action under Rule 23 of the FRCP.

**I.     Motion for Class Certification.**  The Parties propose that the filing of Plaintiff's motion for FRCP 23 class certification shall be sixty (60) days prior to the close of Discovery or not later than **Tuesday**, **May 10, 2022**.  Defendants shall have thirty days (30) to oppose or no later than **Thursday, June 9, 2022.**  Plaintiff's reply in support shall be due twenty-one (21) days thereafter or **Thursday, June 30, 2022.**

**J.     Disclosure of Expert Witnesses.**  The Parties propose that expert witness disclosures pursuant to FRCP 26(a)(2) identifying expert witnesses shall be made one hundred and nineteen (119) days prior to the discovery cut-off date, on or before **Monday , March 14,**

1  **2022** and disclosures identifying rebuttal experts shall be made by thirty (30) days later on
2  **Wednesday, April 13, 2022**.

3      **K.**    **Dispositive Motions.** Because the viability and scope of any class action has not
4  been decided by the Court, it is the Parties' position that it would be premature to establish a
5  dispositive motion deadline at this time. The Parties propose that they confer and make a good
6  faith effort to agree and submit an updated proposed scheduling order which includes deadlines
7  regarding any additional interim status reports, dispositive motions, and trial fourteen (14) days
8  after the Court rules on any FRCP 23 class certification. An updated scheduling order regarding
9  relevant deadlines should be entered after FRCP class certification has been decided.

10     **L.**    **Pre-Trial Order.** Because the viability and scope of any class action has not
11 been decided by the Court, it is the Parties' position that it would be premature to establish a pre-
12 trial order deadline. The Parties propose that they confer and make a good faith effort to agree
13 and submit an updated proposed scheduling order which includes deadlines regarding any
14 additional interim status reports, dispositive motions, and trial fourteen (14) days after the Court
15 rules on any motion directly related to FRCP 23 class certification. An updated scheduling order
16 regarding relevant deadlines should be entered after FRCP class certification has been decided.

17     **M.**    **FRCP 26(a) (3) Disclosures.** The Parties agree to include their disclosures
18 required by FRCP 26(a) (3) and any objections thereto in the joint pretrial order.

19     **N.**    **Alternative Dispute Resolution**. In compliance with LR 26-1(b)(7) the Parties
20 certify that they have met and conferred about the possibility of using alternative dispute-
21 resolution process including mediation, arbitration, and neutral evaluation. Given that this action
22 is brought as a nation-wide class action, the Parties reserve the right to further confer about the
23 possibility of using alternative dispute resolution processes at the close discovery.

24     **O.**    **Alternative Forms of Case Disposition.** In compliance with LR 26-1(b)(8), the
25 parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial
26 Program.

27     **P.**    **Use of Electronic Evidence in Jury Trial.** A jury trial has not been demanded
28 (ECF No. 1-1) and in compliance with LR 26-1(b)(9) but the Parties anticipate that they will be

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

presenting evidence in an electronic format, in the event this case is not resolved prior to trial. The Parties stipulate and agree that any electronic evidence will be reduced to searchable .pdf documents or other reasonably usable formats, to the extent practicable, in compliance with the Court's requirements for the electronic evidence.

      **Q.**    **Extension of Scheduled Deadlines.** The Parties agree to comply with LR 26-4, which states: Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect and comply with LR 26-4. Any motion or stipulation to extend or to reopen discovery shall include:

      1)    A statement specifying the discovery completed;

      2)    A specific description of the discovery that remains to be completed;

      3)    The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and

      4)    A proposed schedule for completing all remaining discovery.

      **R.**    **Final Pretrial Conference.** The Final Pretrial Conference shall be held two (2) weeks prior to the scheduled Trial Date.

///

///

///

///

///

///

///

///

PROPOSED JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
CORE/3507130.0003/169320968.2

S. **Trial Date.** The Parties believe setting a proposed trial date and length would be premature at this time.

| THIERMAN BUCK, LLP | KAEMPFER CROWELL |
|---|---|
| /s/ Leah L. Jones | /s/ Robert McCoy |
| Mark R. Thierman, No. 8285 | Robert McCoy, No. 9121 |
| Joshua D. Buck, No. 12187 | Ryan M. Lower, No. 9108 |
| Leah L. Jones, No. 13161 | Sihomara L. Graves, No. 13239 |
| Joshua R. Hendrickson, No. 12225 | 1980 Festival Plaza Drive, Suite 650 |
| 7287 Lakeside Drive | Las Vegas, Nevada 89135 |
| Reno, Nevada 89511 | |
| *Attorneys for Plaintiff Christopher Watkins* | STINSON LLP |
| | George Verschelden (pro hac vice) |
| | 1201 Walnut Street, Suite 2900 |
| | Kansas City, Missouri 64106 |
| | *Attorneys for Defendants Rapid Financial Solutions, Inc., Cache Valley Bank, and Axiom Bank N.A.* |

**ORDER**

In view of the extended time period allotted for discovery, barring unforeseen and extenuating circumstances, there will be no further extensions of the discovery deadline.

IT IS SO ORDERED.

DATED: September 13, 2021.

_____
U.S. Magistrate Judge