| | |
|---|---|
| Mark R. Thierman, Nev. Bar No. 8285<br>mark@thiermanbuck.com<br>Joshua D. Buck, Nev. Bar No. 12187<br>josh@thiermanbuck.com<br>Leah L. Jones, Nev. Bar No. 13161<br>leah@thiermanbuck.com<br>Joshua R. Hendrickson, Nev. Bar No. 12225<br>joshh@thiermanbuck.com<br>**THIERMAN BUCK, LLP**<br>7287 Lakeside Drive<br>Reno, Nevada 89511<br>Tel. (775) 284-1500   Fax. (775) 703-5027<br><br>Christian Gabroy (#8805)<br>Kaine Messer (#14240)<br>**GABROY LAW OFFICES**<br>The District at Green Valley Ranch<br>170 South Green Valley Parkway, Suite 280<br>Henderson, Nevada 89012<br>Tel (702) 259-7777<br>Fax (702) 259-7704<br>christian@gabroy.com<br>kmesser@gabroy.com<br><br>Lance J. Hendron, Esq.<br>**HENDRON LAW GROUP, LLC**<br>625 S. Eighth Street<br>Las Vegas, Nevada 89101<br>Office: (702) 758-5858<br>Fax: (702) 387-0034<br>Email: lance@hlg.vegas<br><br>*Attorneys for Plaintiff* | **KAEMPFER CROWELL**<br>Robert McCoy, No. 9121<br>Ryan M. Lower, No. 9108<br>Sihomara L. Graves, No. 13239<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, NV 89135<br>Telephone: (702) 792-7000<br>Facsimile: (702) 796-7181<br>Email: rmccoy@kcnvlaw.com<br>Email: rlower@kcrnvlaw.com<br>Email: sgraves@kcrnlaw.com<br><br>**STINSON LLP**<br>George Verschelden (admitted *pro hac vice*)<br>1201 Walnut, Street, Suite 2900<br>Kansas City, Missouri 64106<br>Telephone: (816) 691-3382<br>Facsimile: (816) 412-9344<br>Email: George.verschelden@stinson.com<br><br>*Attorneys for Defendants Rapid Financial d/b/a Access Freedom Cards; Axiom Bank*<br><br>**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**<br>Sheri M. Thome, Nev. Bar No. 008657<br>Taylor A. Buono, Nev. Bar No. 015513<br>6689 Las Vegas Blvd., Suite 200<br>Las Vegas, NV 89119<br>Telephone: (702) 727-1400<br>Fax: (702) 727-1401<br>sheri.thome@wilsonelser.com<br>taylor.buono@wilsonelser.com<br><br>**HINSHAW & CULBERTSON LLP**<br>Russell S. Ponessa *(*admitted *pro hac vice )*<br>333 S. Seventh St., Suite 2000<br>Minneapolis, MN 55402<br>Telephone: (612) 333-3434<br>Fax: (612) 334-8888<br>rponessa@hinshawlaw.com<br><br>*Attorneys for Defendant Keefe Commissary Network, LLC* |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHRISTOPHER WATKINS on behalf of himself and all others similarly situated,

  Plaintiff,

  v.

RAPID FINANCIAL SOLUTIONS, INC. d/b/a ACCESS FREEDOM CARDS; AXIOM BANK N.A.; KEEFE COMMISSARY NETWORK, LLC, d/b/a ACCESS SECURE RELEASE; and DOES 1-50,

  Defendants.

Case No.: 3:20-cv-00509-MMD-CSD

**UPDATED JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

**AND ORDER THEREON**

Plaintiff CHRISTOPHER WATKINS ("Plaintiff"), by and through his counsel of record THIERMAN BUCK, LLP, and Defendants RAPID FINANCIAL SOLUTIONS, INC. d/b/a ACCESS FREEDOM CARDS and AXIOM BANK N.A., by and through their counsel of record, KAEMPFER CROWELL and STINSON LLP, and Defendant KEEFE COMMISSARY NETWORK, LLC, d/b/a ACCESS SECURE RELEASE, by and through their counsel of record WILSON, ELSER, MOSKOWITZ, EDLEMAN & DICKER LLP and HINSHAW & CULBERTSON LLP, met and conferred pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule ("LR") 26-1 on June 7, 2022. Because Plaintiff added an additional Defendant, Keefe Commissary, since the previous discovery plan and scheduling order was entered by the Court, and because this case was filed as a class action, the Parties request additional time for discovery purposes and a special scheduling review is requested pursuant to LR 26-1(a).

The Parties hereby submit the following Updated Joint Stipulated Discovery Plan and Scheduling Order ("DPSO").

/ / /

– 1 –
PROPOSED UPDATED JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

**INTRODUCTION AND PROCEDURAL POSTURE**

This case was originally filed in the First Judicial District Court of the State of Nevada In and For Carson City, on July 31, 2020, bearing Case Number 20 TRT 00089 1B against Defendants Rapid Financial and Axiom Bank. Plaintiff's complaint is based on Plaintiff's allegation that upon release from a Nevada state and/or federal prison, inmates who have a balance in their inmate trust account (whether from earned wages in prison labor camps, deposited money, or money confiscated upon incarceration) are forced to take Defendants' electronic release pay card that charges Plaintiff a fee to access the funds on the card. Plaintiff alleges five (5) causes of action for violations of: (1) Electronic Funds Transfers Act, 15 U.S.C. § 1693; (2) Nevada Deceptive Trade Practices Acct, NRS § 598.092 (8 and 14) and NRS 508,0923(3); (3) Conversion; (4) Unjust Enrichment; and (5) Unconstitutional Taking. Defendants removed to this Court on September 8, 2020. (ECF No. 1-2.) Other than service of the complaint and summons on the Rapid Financial and Axiom Bank Defendants on August 18, 2020, there were no other proceedings while the case was pending in the First Judicial District Court.

After removal, Plaintiff and Defendants Rapid Financial and Axiom Bank each filed certificates of interested parties on September 8, 2020 (ECF No. 3 and 2, respectively.) The Court granted the Parties stipulation to extend the time for Defendants Rapid Financial and Axiom Bank to respond to the Complaint on September 17, 2020. (ECF No. 8.) Defendants Rapid Financial and Axiom Bank filed a Statement Concerning Removal pursuant to the Court's September 9, 2020 Minute Order (ECF No. 5) on September 17, 2021. (ECF No. 9.)

On September 29, 2020, Defendants Rapid Financial and Axiom Bank filed a motion to compel arbitration which was fully briefed as of October 30, 2020. (ECF Nos. 13, 20, 21.) On February 10, 2021, the Parties requested a stay of discovery pending the Court's decision on Defendants' Rapid Financial and Axiom Bank motion to compel arbitration, which was granted by the Court. (ECF No. 23.) The Court's Order required Plaintiff and Defendants Rapid Financial and Axiom Bank to file a discovery plan and scheduling order within 14 days of the Court's decision on the motion to compel. (*Id.*)

On August 30, 2021, the Court entered its Order denying Defendants' Rapid Financial and Axiom Bank Motion in its entirety. (ECF No. 24). Plaintiff and Defendants Rapid Financial and Axiom Bank timely submitted a Joint Stipulated Discovery Plan and Scheduling Order for the Court's review, which was approved on September 13, 2021. (ECF No. 26.)

On September 30, 2021, Plaintiff provided his initial disclosures to Defendants Rapid Financial and Axiom Bank, and on October 1, 2021, Defendants Rapid Financial and Axiom Bank provided their initial disclosure to Plaintiff.

On October 1, 2021, Defendants Rapid Financial and Axiom Bank Answered Plaintiff's original complaint. (ECF No. 27.)

On January 7, 2022, Plaintiff propounded his first sets of requests for production and interrogatories to each Defendant, Defendant Rapid Financial and Axiom Bank. Defendants Rapid Financial and Axiom Bank timely responded on February 22, 2022.[1]

Plaintiff disclosed his expert on damages to Defendants Rapid Financial and Axiom Bank on March, 13, 2022; however, no expert report was included because no data had been disclosed upon which Plaintiff's damages expert could opine.

Plaintiff provided his first supplemental disclosures to Defendants Rapid Financial and Axiom Bank on April 22, 2022, along with Plaintiff's timely responses to Defendants Rapid Financial and Axiom Bank first sets of requests for production and interrogatories.

On April 1, 2022, the Court granted Plaintiff and Defendants Rapid Financial and Axiom Bank stipulation to file Plaintiff's First Amended Complaint ("FAC" and operative complaint). (ECF No. 31.) Plaintiff filed his FAC adding Defendant Keefe Commissary on April 2, 2022. (ECF No. 32.)

The Court granted Plaintiff and Defendant Keefe Commissary extension of time for Defendant Keefe to respond. (ECF No. 37.) Defendant Keefe timely answered Plaintiff's FAC

---

[1] Defendants Rapid Financial and Axiom Bank objected to the bulk of Plaintiff's requests. Plaintiff and Defendants Rapid Financial and Axiom Bank will continue to meet and confer on the applicability of any objections prior to seeking intervention from the Court should such intervention be required.

and filed its certification of interested parties on May 18, 2022. (ECF Nos. 39 and 40, respectively.)

Plaintiff filed his motion for FRCP 23 class certification on May 10, 2022. (ECF No. 38 – 38-13.) The Parties propose the updated following deadlines for Defendants Rapid Financial and Axiom Bank, as well as Defendant Keefe Commissary to opposed by July 19, 2022, and Plaintiff's reply in support by August 2, 2022. *See* § I.I below.

There are no other pending motions before the Court at this time.

## PROPOSED DISCOVERY SCHEDULE

**I.    Rule 26(f) Conference**

Pursuant to FRCP 26(f) and Local Rule 26-1(d), a telephonic meet and confer was held on June 7, 2022, and was attended by Leah L. Jones on behalf of Plaintiff, and Robert McCoy and George Verschelden on behalf of Defendants Rapid Financial and Axiom Bank and by Sheri Thome and Russell Ponessa on behalf of Defendant Keefe Commissary.

**A.    Subjects upon which Discovery may be needed.**  The Parties agree that discovery may be needed on all matters set forth in the operative Complaint and any defenses raised by Defendants thereto.  The foregoing statement of subjects of discovery in no way constitutes a waiver of any Party's right to assert good faith objections to discovery requests or deposition inquiries as appropriate.  The Parties agree to take all reasonable steps to prevent protracted discovery disputes regarding discovery.  The Parties affirm their requirement to meet and confer pursuant to LR 26-6 prior to involving the Court in any discovery disputes.

**B.    Limitations on Discovery.**  Because this case is filed as a Nevada state class action, the Parties request additional time for discovery purposes and thus a special scheduling review is requested pursuant to LR 26-1(a).  The Parties do not request any other changes to the limitations imposed by the discovery rules under the FRCP, except as otherwise provided herein or ordered by the Court.  The Parties further reserve the right to seek changes to the discovery rules if the need arises.

**C.     Discovery Disputes.** The Parties agree that before moving for an order relating to discovery, the Parties must comply with the Federal Rules of Civil Procedure and applicable Local Rules of the District.

**D.     Electronically Stored Information.** The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action. All Parties will make efforts to preserve ESI in their possession, custody or control where the ESI may include information relevant to the litigation. The Parties' preservation of ESI will also be consistent with the obligation under the FRCP.

The Parties anticipate that this action may involve significant amounts of electronically stored information ("ESI"), namely data from release card transactions. In the event ESI is to be produced, the ESI may be produced in a form or forms in which is ordinarily maintained or in a reasonably usable form or forms. The Parties may confer prior to production to discuss formatting of ESI. If the receiving party has an objection to the formatting of ESI received, that party must confer with the producing party prior to filing any motion or otherwise contacting the Court.

**E.     Privileged Materials.** The Parties do not anticipate any issues regarding claims of privilege or of protection of trial-preparation materials at this time. The production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, will not be a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, proportionality, and/or segregation of privileged and/or protected information before production. The Parties agree that a Party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within thirty (30) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other Party that such document was inadvertently

produced and should have been withheld. Once the producing Party provides such notice to the requesting Party, the requesting Party must promptly, meaning within five (5) business days, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting Party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**F.     Initial Disclosures.**  On September 30, 2021, Plaintiff provided his initial disclosures to Defendants Rapid Financial and Axiom Bank, and on October 1, 2021, Defendants Rapid Financial and Axiom Bank provided their initial disclosure to Plaintiff.  Plaintiff provided his initial disclosures to Defendant Keefe on June 6, 2022.  Defendants Rapid Financial and Axiom Bank provided their initial and supplemental disclosures to Defendant Keefe Commissary on June 7, 2022.  Defendant Keefe Commissary will provide its initial disclosures by June 30, 2022.

**G.     Discovery Cut-Off Date.**  In compliance with LR 26-2 the Parties request additional time to complete discovery given the potential for motion practice, the nature of issues involved in the case, because Plaintiff has asserted this case as a class action, and because Defendant Keefe Commissary was recently added to the case.  The Parties propose an additional 123-day discovery period in addition to the July 11, 2022 deadline set forth in ECF No. 26.  Thus, the due date for the proposed discovery plan to complete all discovery related to the scope of any class and/or subclasses, merits, and liability: **Friday, November 11, 2022**.

**H.     Amending the Pleadings:**  The last day to file motions to amend pleadings shall be no later than ninety-one (91) days prior to the discovery cut-off date, or **Friday, August 12, 2022**.  This deadline will not limit or enhance the rights of individuals to join this action under Rule 23 of the FRCP.

**I.     Motion for Class Certification.** Plaintiff filed his motion for FRCP 23 class certification on May 10, 2022.  Defendants Rapid Financial and Axiom Bank shall oppose or no later than **Tuesday, July 19, 2022.**  Plaintiff's reply in support shall be due fourteen (14) days thereafter or **Tuesday, August 9, 2022.**

**J.     Disclosure of Expert Witnesses.**  Plaintiff disclosed his expert witness on March 14, 2022, to Defendants Rapid Financial and Axion Bank.  Plaintiff disclosed his expert witness to Defendant Keefe Commissary on June 6, 2022.  The Parties propose, pursuant to FRCP 26(a)(2) identifying rebuttal experts shall be made ninety-one (91) days prior to the discovery cut-off date, or **Friday, August 12, 2022**.

**K.     Dispositive Motions.**  Because the viability and scope of any class action has not been decided by the Court, it is the Parties' position that it would be premature to establish a dispositive motion deadline at this time.  The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding any additional interim status reports, dispositive motions, and trial fourteen (14) days after the Court rules on any FRCP 23 class certification.  An updated scheduling order regarding relevant deadlines should be entered after FRCP class certification has been decided.

**L.     Pre-Trial Order.**  Because the viability and scope of any class action has not been decided by the Court, it is the Parties' position that it would be premature to establish a pre-trial order deadline.  The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding any additional interim status reports, dispositive motions, and trial fourteen (14) days after the Court rules on any motion directly related to FRCP 23 class certification.  An updated scheduling order regarding relevant deadlines should be entered after FRCP class certification has been decided.

**M.     FRCP 26(a) (3) Disclosures.**  The Parties agree to include their disclosures required by FRCP 26(a) (3) and any objections thereto in the joint pretrial order.

**N.     Alternative Dispute Resolution**. In compliance with LR 26-1(b)(7) the Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution process including mediation, arbitration, and neutral evaluation.  Given that this action is brought as a class action, the Parties reserve the right to further confer about the possibility of using alternative dispute resolution processes at the close discovery.

**O.  Alternative Forms of Case Disposition.**  In compliance with LR 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program.

**P.  Use of Electronic Evidence in Jury Trial.**  A jury trial has not been demanded (ECF No. 1-1) and in compliance with LR 26-1(b)(9) but the Parties anticipate that they will be presenting evidence in an electronic format, in the event this case is not resolved prior to trial. The Parties stipulate and agree that any electronic evidence will be reduced to searchable .pdf documents or other reasonably usable formats, to the extent practicable, in compliance with the Court's requirements for the electronic evidence.

**Q.  Extension of Scheduled Deadlines.**  The Parties agree to comply with LR 26-4, which states: Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect and comply with LR 26-4.  Any motion or stipulation to extend or to reopen discovery shall include:

1) A statement specifying the discovery completed;

2) A specific description of the discovery that remains to be completed;

3) The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and

4) A proposed schedule for completing all remaining discovery.

**R.  Final Pretrial Conference.**  The Final Pretrial Conference shall be held two (2) weeks prior to the scheduled Trial Date.

/ / /

/ / /

/ / /

**S.     Trial Date.** The Parties believe setting a proposed trial date and length would be premature at this time.

| THIERMAN BUCK, LLP | KAEMPFER CROWELL |
|---|---|
| */s/ Leah L. Jones* <br> Mark R. Thierman, No. 8285 <br> Joshua D. Buck, No. 12187 <br> Leah L. Jones, No. 13161 <br> Joshua R. Hendrickson, No. 12225 <br> 7287 Lakeside Drive <br> Reno, Nevada 89511 <br> *Attorneys for Plaintiff Christopher Watkins* | */s/ Robert McCoy* <br> Robert McCoy, No. 9121 <br> Ryan M. Lower, No. 9108 <br> Sihomara L. Graves, No. 13239 <br> 1980 Festival Plaza Drive, Suite 650 <br> Las Vegas, Nevada 89135 <br><br> STINSON LLP <br> George Verschelden (pro hac vice) <br> 1201 Walnut Street, Suite 2900 <br> Kansas City, Missouri 64106 <br> *Attorneys for Defendants Rapid Financial Solutions, Inc., Cache Valley Bank, and Axiom Bank N.A.* <br><br> WILSON, ELSER, MOSLOWITZ, EDELMAN & DICKER, LLP <br><br> */s/Sheri M. Thome* <br> Sheri M. Thome, Nev. Bar No. 008657 <br> Taylor A. Buono, Nev. Bar No. 015513 <br> 6689 Las Vegas Blvd., Suite 200 <br> Las Vegas, NV 89119 |

**ORDER**

**IT IS SO ORDERED.**

Dated this 8th day of June, 2022.

_____
U.S. Magistrate Judge