Sheri M. Thome, Esq.
Nevada Bar No. 008657
Taylor A. Buono, Esq.
Nevada Bar No. 015513
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
6689 Las Vegas Blvd., Suite 200
Las Vegas, NV 89119
Telephone: (702) 727-1400
Facsimile: (702) 727-1401
sheri.thome@wilsonelser.com
taylor.buono@wilsonelser.com

Russell S. Ponessa, Esq.
*(Pro Hac Vice)*
Minnesota Reg. #169316
**HINSHAW & CULBERTSON LLP**
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone: (612) 333-3434
Facsimile: (612) 334-8888
rponessa@hinshawlaw.com

*Attorneys for Defendant Keefe Commissary Network, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER WATKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAPID FINANCIAL SOLUTIONS, INC. d/b/a ACCESS FREEDOM CARDS; AXIOM BANK N.A.; KEEFE COMMISSARY NETWORK, LLC d/b/a ACCESS SECURE RELEASE; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:20-cv-00509-MMD-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to protect the confidentiality of certain information obtained by the parties in connection with this case, Plaintiff Christopher Watkins and Defendants Rapid Financial Solutions, Inc. d/b/a Access Freedom Cards; Axiom Bank N.A. and Keefe Commissary Network, LLC hereby agree as follows, subject to the approval of the Court:

1. **DEFINITIONS**

   The terms defined in this paragraph shall have the meanings provided.  Defined terms may be used in the singular or plural.

   **1.1** **"Litigation"** specifically refers to the above-captioned case.

   **1.2** **"Producing Party"** means the party, or the person or entity other than a party, that produces documents or information considered by that party, person, or entity to be Confidential Information, and includes a party asserting a confidentiality interest in information produced by others.

   **1.3** **"Receiving Party"** means that party/person/entity receiving or requesting production of Confidential Information.

   **1.4** **"Confidential Information"** means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, information pertaining to third-party privacy interests, which information the Producing Party reasonably and in good faith believes contains or concerns confidential, private, non-public, proprietary, and/or sensitive information, including, but not limited to, Plaintiff and third party personal financial records, financial data, intellectual property, information involving privacy interests, and commercially and/or competitively sensitive information of a nonpublic nature including, but not limited to, Defendants' confidential and proprietary financial records and program policies and procedures.

   **1.5** **"Litigation Documents"** means all pleadings, motions, affidavits, and related papers, all documents produced or exchanged in the course of this Litigation or any settlement negotiations, all written discovery responses, and all transcripts and testimony given in depositions, in hearings, or at trial.

   **1.6** **"Termination"** means the dismissal of this Litigation, or entry of final judgment, or expiration of all periods to appeal or seek judicial review of this action.

2. **DESIGNATION OF CONFIDENTIAL INFORMATION**

   **2.1** **Documents**.  A Producing Party may, in good faith, designate Confidential Information contained in a document or thing specifically by either marking the document or thing

as "CONFIDENTIAL" or by designation, in writing, identifying the Bates stamp number which has been assigned to the document or thing.

    **2.2**    **Depositions.**  A Producing Party may, in good faith, designate information or documents disclosed during deposition as Confidential Information by indicating on the record at the deposition that the deposition testimony, or any specified part of the testimony given or to be given, and/or all or any part of the document or thing marked for identification at such deposition is Confidential Information subject to the provisions of this Stipulated Protective Order.  Within thirty (30) days after receipt of a deposition transcript, any Producing Party may specifically designate information not previously designated as confidential as Confidential Information, by notifying all parties in writing of any specific pages and lines of the transcript which contain the Confidential Information.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

    **2.2**    **Interrogatories**.  A Producing Party may, in good faith, designate Confidential Information contained in a response to an interrogatory by designating the responses Confidential, or by otherwise advising the Receiving Party in writing of such confidential status, and the Confidential Information may be served in a separate document if desired.

**3.**    **USE OF CONFIDENTIAL INFORMATION**

    **3.1**    All documents and information designated in good faith by a party to the Litigation as Confidential Information shall be used solely for the purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, product development, intellectual property development, or in any other legal proceeding, action or matter and shall not, directly or indirectly, in whole or in part, be revealed or disclosed, or made available for inspection or copying to persons other than Qualified Persons as defined in paragraph 3.2.

    **3.2**    "Qualified Person" for Confidential Information means:

        (a)    Counsel of record in this Litigation and such partners, associate attorneys, paralegal assistants, and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense, or

settlement of this Litigation.

    (b)    Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, provided that if the person is not a party or employee of a party already subject to this Protective Order the person must first sign a copy of Attachment "A" hereto.

    (c)    Any party, including current employees who are involved in assisting with the prosecution or defense in this Litigation or who appear as witnesses including consulting and testifying experts and damages experts.

    (d)    The judge or any other Court having jurisdiction over discovery procedures in this Litigation.

    (e)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

    (f)    Any court reporter or typist recording or transcribing testimony in this Litigation and any outside independent reproduction firm.

    (g)    Any person who was the author, recipient, or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition, or during the course of preparation for trial or deposition.

    (h)    In-house counsel for a party.

    (i)    Any mediator agreed to by the Parties.

    (j)    In the event that any of the foregoing persons ceases to be engaged in the preparation of this Litigation, access by such person(s) to discovery material designated as Confidential Information shall be terminated. Any such material in the possession of any such person(s) shall immediately be returned or destroyed within 72 hours. The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

**3.3**    No person receiving discovery material or a transcript designated as Confidential

4

pursuant to this stipulation and order shall disclose it or its contents to any person other than those described in Paragraphs 3.2. No such disclosure shall be made for any purposes other than those specified in Paragraphs 3.1 and/or 3.2, and in no event shall such person make any other use of such discovery material or transcript. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons to whom any discovery material or transcript so designated is disclosed. Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript on Attachment "A" hereto after having such recipient read the Order and having explained its contents to such recipient. Counsel shall be responsible for maintaining a list of all persons to whom any discovery material or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

**4.     REDACTION OF DOCUMENTS**

   **4.1**   The Producing Party may redact from any materials containing Confidential Information the following information:

   (a)   Private information related to the insureds or third parties, including social security numbers; and

   (b)   Attorney client privileged information, with reference to a privilege log.

   **4.2**   Any discovery materials so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted.

   **4.3**   If there is a dispute whether any redacted material qualifies for redaction under this paragraph, counsel may move for a ruling, which may require this Court's *in camera* inspection of a document on the issue of whether certain information is entitled to redaction. If other Confidential Information is deemed by the Producing Party to be trade secret or otherwise in need of redaction such that the scope of this protective order is insufficient to adequately protect the information contained therein, the Producing Party shall seek to meet and confer on the specific information with the Receiving Party and, failing good faith meet and confer on informal resolution, shall seek the Court's determination by way of formal motion.

5.  **MISTAKE OR INADVERTENCE**

Documents or other discovery materials produced and not designated as Confidential Information through mistake or inadvertence shall likewise be deemed confidential upon notice by the Producing Party of such mistake or inadvertence. Where a Producing Party has inadvertently produced a document which the Producing Party later claims should not have been produced because of privilege, the Producing Party may require the return of any such document within ten (10) days of discovering that it was inadvertently produced (or inadvertently produced without redacting the privileged content). A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production.

The inadvertent production of any document which a Producing Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged document not inadvertently been produced. If a Producing Party requests the return, pursuant to this paragraph, of any such document from another party, the party to whom the request is made shall within ten (10) business days return to the requesting party all copies of the document within its possession, custody, or control, including all copies in the possession of experts, consultants, or others to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the Producing Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document. In the event the Receiving Party contests the claim of privilege or inadvertent production, the parties shall first try to dispose of such dispute in good faith on an informal basis. If a dispute cannot be informally resolved, the Producing Party must seek appropriate relief from the Court, and the Producing Party shall have the burden of proving that the information is entitled to confidentiality protection unless otherwise provided by the applicable law. The Producing Party shall file a motion within ten (10) business days after return of the document to obtain a court determination that the document is not privileged.

1051836\311406387.v1

If timely corrected, an inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Producing Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

If the Receiving Party leans that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Declaration of Compliance" that is attached hereto as Exhibit A.

6. **CHALLENGE OF DESIGNATION**

The Receiving Party shall not be obligated to challenge the propriety of the Confidential Information designation at the time made or upon a submission to the Court. In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the parties shall first try to dispose of such dispute in good faith on an informal basis. If a dispute cannot be informally resolved, the Producing Party must seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that the information is entitled to confidentiality protection unless otherwise provided by the applicable law. The Confidential Information shall remain Confidential and under the status given to it by the designating party unless and until the court rules to the contrary.

7. **COURT FILINGS AND HEARINGS**

If, in the event that any stamped confidential document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with Clerk of any Court, the Producing Party, shall within ten (10) business days after the filing of the document under seal, submit a motion to the Court making the showing required under the standards of *Kamakana v. City & County of Honolulu*, 447

7

F.3d 1172, 1178 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) to sustain the sealed status of such materials. Failure to file the motion to sustain that sealed status of the materials shall constitute a waiver of such designated status. Until the Court makes a determination on the preservation of confidentiality, such protected documents and information shall be filed under seal and maintained under seal by the Clerk until further order of this Court. The use of any protected document or of the information contained therein and any testimony associated with the protected information contained therein shall be held in camera, if necessary, to prevent disclosure to nonparties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and information, unless the Court orders otherwise upon good cause shown. This paragraph shall not apply with respect to documents admitted into evidence as exhibits at the trial of this matter. The Producing Party reserves the right, however, to petition the Court for protection with respect to such documents admitted into evidence as exhibits at trial.

**8. SUBPOENA BY COURTS OR AGENCIES**

If another court or an administrative agency subpoenas or orders production of Confidential Information that the parties have obtained under the terms of this Order, the parties shall promptly notify the Producing Party of the pendency of such subpoena or order.

**9. CLIENT CONSULTATIONS**

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information, provided however that, in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as permitted under Paragraph 3.

**10. NON-TERMINATION**

The provisions of this Order shall not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order. Upon request, within 60 days after final conclusion of all aspects of this Litigation,

Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Producing Party, at its cost, or at the option of the Receiving Party, destroyed.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

## 11. RESPONSIBILITY OF ATTORNEYS

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Information. Where a deponent is required under Paragraph 3 to sign a copy of Attachment "A" hereto before accessing Confidential Information, it is the responsibility of the attorney who wishes to use Confidential Information during the deposition to provide a copy of this Protective Order and Attachment "A" for the deponent to review and sign before Confidential Information may be disclosed to the deponent. Parties shall not duplicate any Confidential Information except working copies and for filing in court under seal. All copies made of Confidential Information shall bear the appropriate confidential designation.

## 12. NO WAIVER

**12.1** Review of the Confidential Information by counsel, experts, or consultants for the litigants in the Litigation shall not waive the confidentiality of the documents or objections to production.

**12.2** The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claims of confidentiality.

**12.3** Nothing contained in this Protective Order shall constitute a waiver of, or otherwise prejudice the Producing Party's right to protect from disclosure any information based on any applicable privilege, right of privacy, trade secret protection, or other statutory or common law immunity.

**12.4** Nothing contained in this Protective Order and no action taken pursuant to it shall

1051836\311406387.v1

prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the Confidential Information sought.

IT IS SO STIPULATED.

Dated this 22nd day of August, 2022.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*/s/ Sheri M. Thome*
Sheri M. Thome
Nevada Bar No. 008657
Taylor A. Buono
Nevada Bar No. 015513
6689 Las Vegas Blvd., Suite 200
Las Vegas, NV 89119
Telephone: (702) 727-1400
Facsimile: (702) 727-1401
sheri.thome@wilsonelser.com
taylor.buono@wilsonelser.com

HINSHAW & CULBERTSON LLP
Russell S. Ponessa, Esq.
(Pro Hac Vice)
Minnesota Reg. #169316
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone: (612) 333-3434
Facsimile: (612) 334-8888
rponessa@hinshawlaw.com
*Attorneys for Keefe Commissary Network, LLC*

Dated this 23rd of August, 2022.

KAEMPFER CROWELL

*/s/ Robert McCoy*
Robert McCoy, No. 9121
Ryan M. Lower, No. 9108
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: rlower@kcnvlaw.com
Email: sgraves@kcnvlaw.com

George Verschelden (pro hac vice)
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Telephone: (816) 691-3382
Facsimile: (816) 412-9344
Email: george.verschelden@stinson.com
*Attorneys for Defendants Rapid Financial Solutions, Inc. and Axiom Bank N.A.*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1051836\311406387.v1

1 | Dated this 22nd day of August, 2022.

2 | THIERMAN BUCK, LLP

3 |

4 | /s/ Leah L. Jones
Mark R. Thierman, Esq., Nev. Bar No. 8285
Joshua D. Buck, Esq., Nev. Bar No. 12187
5 | Leah L. Jones, Esq., Nev. Bar No. 13161
Joshua R. Hendrickson, Esq., Nev. Bar No. 12225
6 | 7287 Lakeside Drive
Reno, Nevada 89511
7 | Tel. (775) 284-1500
Fax: (775) 703-5027
8 | mark@thiermanbuck.com
josh@thiermanbuck.com
9 | leah@thiermanbuck.com
joshh@thiermanbuck.com
10 |

11 | Christian Gabroy, Esq. (#8805)
Kaine Messer, Esq. (#14240)
12 | GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
13 | Henderson, Nevada 89012
Tel (702) 259-7777
14 | Fax (702) 259-7704
christian@gabroy.com
15 | kmesser@gabroy.com

16 | Lance J. Hendron, Esq. (#11151)
HENDRON LAW GROUP, LLC 625
17 | S. Eighth Street
Las Vegas, Nevada 89101
18 | Office: (702) 758-5858
Fax: (702) 387-0034
19 | lance@hlg.vegas
*Attorneys for Plaintiff and the Putative Classes*

20 |

21 | **ORDER**

22 | GOOD CAUSE SHOWING, IT IS SO

23 | ORDERED. Dated this 23rd day of August, 2022.

24 |

25 | _____
UNITED STATES MAGISTRATE JUDGE

26 |

27 |

28 |

11

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20\_\_\_.

2. I have carefully read and understand the provisions of this Stipulated Protective Order.

3. I will comply with all provisions of this Stipulated Protective Order.

4. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

5. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

6. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

7. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_\_\_\_ at _____.

_____
QUALIFIED PERSON

1051836\311406387.v1