UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER WATKINS, | Case No. 3:20-cv-00509-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| RAPID FINANCIAL SOLUTIONS, INC., *et al.*, | |
| Defendants. | |

The instant case is a class action seeking to recover prepaid debit card fees charged to persons released from prison in Nevada. Before the Court is Defendants'[1] motion to stay this case pending the Western District of Washington's final approval of a nationwide settlement in a related case.[2] (ECF No. 83 ("Motion").) The balance of hardships and judicial economy are in favor of a stay because the settlement will likely resolve many of the claims in this case. The Court thus grants the Motion.

I.  **BACKGROUND**

In October 2017, the plaintiffs in *Reichert v. Keefe Commissary Network, L.L.C.* filed a complaint challenging the reimbursement of released inmates via prepaid debit cards with high fees. (ECF Nos. 83 at 5, 84-2.) The *Reichert* plaintiffs' second amended complaint named Keefe, Rapid Financial, and Cache Valley Bank as defendants. (ECF No. 85-2.) The Western District of Washington certified a nationwide class ("Nationwide

---

[1]Rapid Financial Solutions, Inc.; Axiom Bank N.A.; and Keefe Commissary Network, LLC.

[2]Plaintiff Christopher Watkins filed a response (ECF No. 85), and Rapid Financial Solutions filed a reply (ECF No. 86). Also before the Court are three motions for summary judgment (ECF Nos. 71, 72, 73), and Plaintiff's motion to strike Keefe's motion for summary judgment (ECF No. 74).

Class") and a Washington state subclass ("Washington Subclass"). *See Reichert v. Keefe Commissary Network, L.L.C.*, 331 F.R.D. 541, 558 (W.D. Wash. 2019); *Reichert v. Keefe Commissary Network, L.L.C.*, No. 3:17-cv-05848, ECF No. 93 (W.D. Wash. May 28, 2019). The Washington Subclass settled with Keefe ("Keefe Settlement"), and Keefe was dismissed from the action in January 2023. (ECF No. 85-3.) *See also Reichert v. Keefe Commissary Network, L.L.C.*, 2023 U.S. Dist. LEXIS 12237, *2 (W.D. Wash. Jan. 24, 2023).

The Nationwide Class reached a settlement with the remaining defendants ("*Reichert* Settlement Agreement"). (ECF Nos. 83-1, 84-1.) The *Reichert* Settlement Agreement will pay each class member three times the fees they incurred plus an additional fifteen dollars, in exchange for releasing all claims against Rapid Financial, Axiom, Keefe, and Cache Valley Bank. (ECF No. 83-1 at 11.) Any plaintiffs who received payments from the Keefe Settlement will have their payout under the *Reichert* Settlement Agreement reduced by the amount of that prior distribution. (*Id.*) The Western District of Washington has preliminarily approved the *Reichert* Settlement Agreement. (ECF No. 84-1.) All motions, objections, and hearings regarding the settlement must be completed in December 2023. (*Id.* at 5-6.)

In July 2020, Plaintiff Watkins similarly filed a complaint on behalf of a class of persons incarcerated in Nevada seeking compensation for release card fees. (ECF No. 1-2.) The Court granted Plaintiffs' motion to certify a class of people recently incarcerated in Nevada who were required upon release to use prepaid debit cards which carried high fees, without any other alternative means of reimbursement ("Nevada Class"). (ECF No. 65 at 16.) The parties have since filed three motions for summary judgment and a motion to strike one of those motions for summary judgment, all of which are ripe for review by the Court. (ECF Nos. 71-82.) Defendants now move to stay the resolution of the parties' motions pending final approval of the *Reichert* Settlement Agreement. (ECF No. 83.)

## II. DISCUSSION

Defendant asserts that a stay is warranted under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), and that the Court could also grant a stay under the first-to-file rule. (ECF No. 83.) The Court addresses only the *Landis* stay, as this issue is dispositive.

"Courts routinely exercise [their discretionary] power and grant stays when a pending nationwide settlement could impact the claims in the case before them." *Albert v. Blue Diamond Growers*, 232 F.Supp.3d 509, 512 (S.D.N.Y. 2017). Before the Court may stay a case pending the outcome of another, it must consider: (1) the damage that may result from granting a stay, (2) hardship or inequity for the parties from moving forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The parties dispute each of the *Landis* factors.

### A. Damage From Granting a Stay

Plaintiffs' first concern is that a stay would harm the Nevada Class Members. (ECF No. 85 at 8.) Plaintiffs allege that Defendants have "calculatedly secured settlement without reasonably valuing the claims of Nevada-based class members and in an attempt to sell out the certified Nevada Class." (ECF No. 85 at 8.) It may be difficult for the formerly incarcerated Nevada Class members to receive notice of the *Reichert* Settlement Agreement, and any class members who do not opt out of the settlement will be bound by its terms and release all Nevada law claims. (*Id.* at 8-9.) But Plaintiffs have not shown how joining the *Reichert* settlement would harm Nevada Class Members. The proposed settlement would pay class members three times the fees incurred on their release card plus 15 dollars.[3] (ECF No. 83-1 at 11.) In contrast, the maximum recovery

---

[3]Payments will only be diminished if settlement funds are insufficient, in which case class members will be paid on a *pro rata* basis. (ECF No. 83-1 at 11.) Plaintiffs have not shown any likelihood of funds running out and reducing payments.

Plaintiffs may obtain at trial under Nevada law is treble damages, or three times the fees they incurred. (ECF No. 85 at 11.) It is unclear how paying each class member an additional 15 dollars constitutes a "reverse auction settlement" or would harm Nevada Class members. (*Id.* at 2.)

This relatively similar, if not better, recovery leaves the Court unconcerned that the Reichert settlement gave "no additional consideration" to Nevada Class members. (ECF No. 85 at 2-3, 5.) *See also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Moreover, it is the job of the presiding judge in *Reichert*, not this Court, to evaluate the fairness of the *Reichert* Settlement Agreement for all class members, including those incarcerated in Nevada. *See Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-cv-04303-WHO, 2020 WL 10964876 (N.D. Cal. Oct. 2, 2020); *see also Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2019 WL 1466963, at *2 (N.D. Cal. Feb. 14, 2019) ("[Class members] have a right to challenge [the settlement] if they do not believe it is fair to them.").

Nor would granting a stay needlessly delay Nevada Class members' claims against Keefe. (ECF No. 85 at 10.) Though Keefe is not a party to the *Reichert* Settlement Agreement, the proposed settlement would release any claims against Keefe by Nevada Class members who join it. (ECF No. 83-1 at 5, 7.) Staying this case so that Nevada Class members may join the *Reichert* settlement will thus resolve their claims against Keefe and, in turn, will clarify what plaintiffs and claims remain post-settlement for all Defendants.[4]

The first *Landis* factor supports granting a stay.

**B. Hardship in Moving Forward**

Advancing this case could subject the parties to "competing and inconsistent

---

[4]The proposed Reichert Settlement Agreement releases claims against Rapid Financial, Axiom, and Keefe. (ECF No. 83-1 at 5.)

4

orders" if the *Reichert* Settlement Agreement is approved. (ECF No. 83 at 11-12.) *See also Pieterson*, 2019 WL 1466963, at *2. If the Court grants Defendants' motions for summary judgment, Plaintiffs may be subject to competing orders regarding whether they are entitled to damages. And if the Court grants Plaintiffs' motion for summary judgment, Plaintiffs may be subject to inconsistent orders regarding the amount they are entitled to recover. The second *Landis* factor therefore is in favor of a stay.

### C. Judicial Economy

The proposed *Reichert* settlement will not dispose of all Nevada Class claims, as the settlement does not cover certain time periods or class members who opt out. (ECF Nos. 83-1 at 5, 85 at 11.) But staying this case until the *Reichert* settlement is approved will allow both parties to understand what claims and parties remain and to adjust their litigation strategies accordingly. This will also ensure the Court need not address issues that the settlement renders moot. A stay will, as a result, promote the "orderly course of justice" by "simplifying . . . issues, proof, and questions of law." *Filtrol v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972); *see also Pieterson*, 2019 WL 1466963, at *3.

This case is also relatively far along: the Court has granted class certification, discovery is complete, and all dispositive motions before the Court are ripe for review. (ECF No. 85 at 8.) Despite this, *Reichert* has advanced further than the instant case because of its imminent settlement, and the benefits from streamlining the issues before this Court outweigh the inefficiencies of potentially re-filing and re-briefing motions. *See Hurrle v. Real Time Resols., Inc.*, No. C13-5765 BHS, 2016 WL 4575740, at *3 (W.D. Wash. Jan. 6, 2016).

Moreover, the duration of the stay will be short because the settlement process is well underway. The Western District of Washington has granted the *Reichert* parties' motion for preliminary approval. (ECF No. 84-1.) Obtaining final approval of the settlement "likely will take no longer than a few months." *Metoyer v. Tween Brands, Inc.*, No. EDCV151007GHKDTBX, 2015 WL 13908304, at *3 (C.D. Cal. Nov. 4, 2015).

On balance, staying this case will promote judicial economy. As none of the three

enumerated factors favor granting a stay, the Court will grant Defendants' Motion.

### III.  CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' motion to stay (ECF No. 83) is granted. The stay will be automatically lifted upon the Western District of Washington's final approval of the proposed settlement in *Reichert v. Keefe Commissary Network, LLC*. The parties are instructed to file a joint status report within seven days of the Western District of Washington's decision.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 71), Defendant Keefe Commissary Network's motion for summary judgment (ECF No. 72), Plaintiff's motion for summary judgment (ECF No. 73), and Plaintiff's motion to strike (ECF No. 74) are denied without prejudice and with leave to refile within 30 days of the stay being lifted.

DATED THIS 3rd Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE