1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER WATKINS, on behalf of himself and all others similarly situated, | CASE NO. 3:20-cv-00509-MMD-CSD |
| Plaintiff, | **ORDER** |
| v. | **(1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS;** |
| RAPID FINANCIAL SOLUTIONS, INC. d/b/a/ ACCESS FREEDOM CARDS; AXIOM BANK N.A.; KEEFE COMMISSARY NETWORK, LLC d/b/a ACCESS SECURE RELEASE; and DOES 1 through 10, inclusive, | **(2) PRELIMINARILY APPROVING THE CLASS SETTLEMENT;** |
| | **(3) APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL;** |
| Defendants. | **(4) APPROVING CLASS NOTICE AND RELATED MATERIALS;** |
| | **(5) APPOINTING SETTLEMENT ADMINISTRATOR; AND** |
| | **(6) SCHEDULING FINAL APPROVAL HEARING** |

Having considered the Joint Motion of Plaintiff Christopher Watkins and Defendant, Rapid Financial Solutions, Inc. d/b/a Access Freedom Cards Axiom Bank N.A., and Keefe Commissary Network, LLC for Preliminary Approval of Class Action Settlement, and all supporting legal authorities and documents, the Court finds the Joint Motion appropriate for decision on the papers, and further orders as follows:

**IT IS SO ORDERED:**

1.      The Court has original jurisdiction over Plaintiffs' federal law claims pursuant to

the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and the Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise from the same alleged transactions and occurrences as do Plaintiff's federal-law claims.

2.    The proposed settlement class satisfies the requirements of a class action settlement class under Fed. R. Civ. P. 23, because the class members are readily ascertainable, and a well-defined community of interest exists in the common questions of law and fact affecting the parties.

3.    The following classes of persons are certified in this action solely for the purposes of the Settlement:

> All persons who, at any time between July 31, 2016 and October 20, 2016, or after January 18, 2024 to the present and were: (1) released from a jail, detention center, or prison located in the State of Nevada, (2) entitled to the return of money either confiscated from them or remaining in their inmate account when they were released, (3) issued a prepaid debit card from Defendant Rapid Financial Solutions or its affiliates, and/or Defendant Axiom Bank N.A. of Florida, and/or Defendant Keefe Commissary Network and were subject to fees, charges, and restrictions, and (4) not offered an alternative method for the return of their money.

4.    The Parties' Settlement Agreement (the "Settlement") is granted preliminary approval as it meets the criteria for preliminary settlement approval.  The Settlement falls within the range of possible approval as fair, adequate, and reasonable to all potential members of the Settlement Class when balanced against the probable outcome of further litigation and ultimately relating to liability and damages issues and appears to be the product of arm's length and informed negotiations.

5.    The Parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the Parties, and such notice is the best notice practicable.  The Parties' proposed Notice of Proposed Settlement of Class Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval (Exhibit A) (the "Notice") is sufficient to inform members of the Class of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a proportionate Settlement Share or exclude themselves/Opt-Out and not to participate in

the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are approved.

6.      Any member of the Class who does not submit a request to exclude themself /Opt-Out within thirty (30) days after the date the Settlement Administrator mails the Notice Packet will receive a Settlement Share.

7.      Those members of the Class who wish to comment on or object to the Settlement have until thirty (30) days after the mailing of the Class Notice Packet to submit their comments or objection pursuant to the procedures set forth in the Class Notice.

8.      Phoenix Action Administration Solutions is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

9.      Plaintiff Christopher Watkins is appointed as Class Representative, and the Court preliminarily approves a Case Contribution Payment in the amount of $15,000.00 to Plaintiff Watkins.

10.     Mark R. Thierman, Joshua Buck and Leah L. Jones of Thierman Buck, LLP, Chrisitan Gabroy and Kaine Messer of Gabroy Messer Law Offices, and Lance Hendron of Hendron Law Group, LLC are appointed Class Counsel, and the Court preliminarily approves their attorneys' fee request of no more than $500,000.00 and litigation costs not to exceed $10,000.00.

11.     The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the Parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

12.     Defendants are directed to provide the Settlement Administrator as soon as possible using best efforts, and in no event later than ten (10) business days after the date of this order, the Class Data as specified by the Settlement Agreement and Plaintiff's Class Counsel shall provide to the Settlement Administrator any and all information regarding current addresses of class members.

13.     The Settlement Administrator is directed to mail the approved Class Notice by

first-class mail to members of the respective classes as soon as possible using best efforts, with the intent of issuing the Notice Packet to every Class Member by **December 26, 2024** such that all claims must be filed by **January 27, 2025**.

14.    Thus, a final hearing will be held in Courtroom 5 on **March 26, 2025**, at **10:00 a.m.**, to determine: (1) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (2) the amount of attorney's fees and litigation costs to award to Class Counsel; (3) the amount to be paid to the Claims Administrator; and (4) the amount of the Case Contribution Award to the Class Representative.  The Court will hear all evidence and argument necessary to evaluate the Settlement, and Class Members and their counsel may support, oppose, or comment upon the Settlement if they so desire, as set forth in the Class Notice.

15.    Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show cause why the Court should not approve the Settlement or object to the award of the Class Representative Payment or the Class Counsel Fees and Costs.  For any comments or objections to be considered at the hearing, the Class Member must file written objections and/or comments with the Clerk of Court setting forth the nature of his/her comments, support or objection, and serve the same on counsel for the Parties not later than thirty (30) calendar days after the Settlement Administrator mails the Class Notice Packets.

16.    If no objections or comments are made to the Settlement, the Parties may apply to the Court to expedite the date of the final approval hearing.  The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

///

///

///

///

///

1          17.    All papers filed in support of final approval of the settlement and response to any

2    objections will be filed no later than **February 24, 2025**.

3

4          Dated:  November 26, 2024.

5    _____
                        Hon. Miranda M. Du
6                       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28