**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER WATKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAPID FINANCIAL SOLUTIONS, INC. d/b/a/ ACCESS FREEDOM CARDS; AXIOM BANK N.A.; KEEFE COMMISSARY NETWORK, LLC d/b/a ACCESS SECURE RELEASE; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:20-CV-00509-MMD-CSD<br><br>**ORDER**<br><br>**(1) CONFIRMING CERTIFICATION OF CLASS ACTION;**<br><br>**(2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**(3) ENTERING FINAL JUDGMENT** |

On March 26, 2025, a hearing was held on Plaintiffs' motion for final approval of their class action settlement (the "Settlement"). Leah L. Jones, Esq. of Thierman Buck, LLP, appeared for the Plaintiffs, and Robert McCoy of Kaempfer Crowell appeared for Defendants.

On June 11, 2026, Plaintiffs submitted their Final Status Report (ECF No. 121) pursuant to the Court's Order setting forth the results of the Supplemental Settlement Notification efforts and extension of the Claims period. (ECF No. 118.)

In accordance with the Preliminary Approval Order (ECF Nos. 113, 114) (the "Preliminary Approval Order") and the Supplemental Settlement Notification efforts and extension of the Claims period (ECF Nos. 119, 120, 121), Class Members have been given notice of the terms of the

1  Settlement and an opportunity to comment.

2  Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, as well as the Supplemental Settlement Notification Status Reports the Court grants final approval of the Settlement, enters this Final Approval Order, and **HEREBY ORDERS** and **MAKES DETERMINATIONS** as follows:

   1. The Court has original jurisdiction over Plaintiffs' federal law claims pursuant to the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, (hereinafter the "EFTA") and the Court has supplemental jurisdiction over Plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do Plaintiff's federal-law claims.

   2. Pursuant to this Court's Preliminary Approval Order, a Notice of Proposed Settlement of Class Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval was distributed to known Class Members based on Defendants' records and to absent Class Members through the Supplemental Settlement Notification procedures ordered by the Court. The Notice informed Class Members of the terms of the Settlement, their right to receive their Settlement Share, their right to object to the Settlement or to opt-out of the Settlement, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

   3. The Court finds and determines that pursuant to FRCP 23(e)(1) the Class Notice was effectuated in a manner reasonably certain to inform the absent members of the plaintiff class under the circumstances specific to this individual litigation, afforded adequate protections to all Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

   4. Zero Class Members filed written objections to the proposed Settlement as part of this notice process or stated an intent to appear at the final approval hearing. No Class Members appeared at the hearing.

-- 2 --

5.      For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for certification as a class action under Fed. R. Civ. P. 23, and it is hereby ordered that the Class is finally certified as a class and collective for purposes of Settlement of this action.

6.      The Court confirms the appointment of Named Plaintiff Christopher Watkins as Class Representative and approves the Case Contribution Award in the amount of $15,000.00.

7.      The Court confirms the appointment of Thierman Buck, LLP, Gabroy Messer, and Hendron Law Group, LLC as Class Counsel for the Settlement Class and approves their requests for attorneys' fees in the amount of $500,000.00 and costs in the amount of $7,358.58.

8.      Pursuant to FRCP 23(e), the Court grants final approval to this Settlement and finds that the Settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Case Contribution provisions. The Court specifically finds that the Settlement confers a substantial benefit to Settlement Class Members, considering the strength of Plaintiffs' claims and Defendants' defenses, and the risk, expense, complexity, and potential duration of further litigation. The response of the Class supports Settlement approval. Zero Class Members objected to the Settlement, and zero requested exclusion from the Settlement. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement in accordance with the standards set forth in the Joint Motion for Final Approval of Settlement.

9.      The Court finds that, as of the date of this Order, each and every Class Member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement and that the Class Members who have not excluded themselves / opted out will be bound by the Settlement.

10.      The Court finds and determines that Phoenix Class Action Administration Solutions' is entitled to $93,078.41 for administrative fees. The Court directs the Parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Claims

-- 3 --

Administrator to calculate and pay the claims of the Class Members in accordance with the terms set forth in the Settlement Agreement.

11. The Court finds that any remaining funds be split equally between *cy pres* recipients Northern Nevada Legal Aid and Legal Aid Center of Southern Nevada.

12. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendants make all payments in accordance with the Settlement.

13. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

14. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

15. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1) of the Federal Rules of Civil Procedure.

16. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

17. The Parties are hereby ordered to comply with the terms of the Settlement.

/ / /

/ / /

/ / /

18. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment as provided by the Settlement and approved by the Court in this Order.

Dated: June 12, 2025.

_____
Hon. Miranda M. Du
United States District Judge